UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LEON HENRY CARTER, III, | Civil No. 09-16 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CWF SOLUTIONS, LLC, MARK NOVAK, STATE OF MINNESOTA, DEPARTMENT OF CORRECTIONS, and MINNESOTA CORRECTIONAL FACILITY STILLWATER, | |
| Defendants. | |

Plaintiff, a state prison inmate, commenced this action by filing a self-styled civil complaint. (Docket No. 1.) The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that two of the named Defendants – State of Minnesota Department of Corrections, (hereafter "the DOC"), and "Minnesota Correctional Facility Stillwater," (hereafter "MCF-Stillwater") – cannot be sued in federal court. It will therefore be recommended that this action be dismissed as to those two Defendants, pursuant to § 1915A(b).

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the limited information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

## I. BACKGROUND

Plaintiff alleges that on February 28, 2008, he was injured while working in the kitchen at MCF-Stillwater. Plaintiff's complaint does not explain how the injury occurred. However, an affidavit filed with the complaint indicates that he punctured his arm when he bumped into "an exposed screw sticking out from the footing of the exhaust canopy" on an oven. Plaintiff claims that he may have been exposed to the Hepatitis C Virus as a result of his injury, and he has experienced "continued psychological and emotional stress and persistent loss of weight." (The complaint does not describe what – if any – medical care Plaintiff has received for his injury.)

At the time of the incident giving rise to this action, the kitchen facility at MCF-Stillwater allegedly was operated by Defendant CWF Solutions, LLC, (hereafter "CWF"). CWF apparently is a private company that entered into a contract with the State of Minnesota to provide food service to prisoners at MCF-Stillwater. Plaintiff contends that a CWF employee, Defendant Mark Novak, was aware that someone could be harmed by the exposed screw that caused Plaintiff's injury, but he failed to take any corrective action to eliminate that risk.

Plaintiff is now attempting to sue CWF and Novak under various state and federal legal theories, claiming that they are liable for the injury he allegedly sustained while working in the kitchen at MCF-Stillwater. Plaintiff is also attempting to sue two additional Defendants – the DOC and MCF-Stillwater. He is seeking "judgment against one or all four Defendants' [sic] in the sum of $20,000.00 actual damages $20,000.00 pain and suffering $5,000.00 attorney fees and $80,000.00 punitive damages." (Complaint, p. 5.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue various government actors, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b). Here, the Court finds that Plaintiff's claims against two of the named Defendants – the DOC and MCF-Stillwater – must be dismissed pursuant to § 1915A(b).

Plaintiff cannot prosecute his current claims against Defendant DOC, because state agencies, such as the DOC, are immune from suit in federal court under the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that the State of Minnesota has waived its immunity and

consented to be sued in this case. Thus, the Court finds that Defendant DOC is constitutionally immune from Plaintiff's present lawsuit.

Plaintiff is also unable to sue MCF-Stillwater. The Court initially notes that this purported Defendant does not appear to be a cognizable legal entity that can be sued as such. MCF-Stillwater appears to be merely a name used to identify a particular penal facility, rather than an independent entity that has the legal capacity to sue or be sued. Furthermore, even if MCF-Stillwater is a suable entity, it undoubtedly is a state agency, which means that it – like the DOC – is immune from suit in federal court under the Eleventh Amendment.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed as to Defendants DOC and MCF-Stillwater. The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other two named Defendants, CWF and Mark Novak. Plaintiff will be allowed to pursue his claims against those Defendants at this time, without prejudice to any defenses those Defendants may seek to raise in this matter.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants State of Minnesota, Department of Corrections, and Minnesota Correctional Facility Stillwater, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2.  Plaintiff's claims against the remaining Defendants in this case be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated:   January  14, 2009

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 3, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.